(JB)

FILED

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF VIRGINIA

2026 APR 27 P 12: 37

---

**Sylvester Anderson,**
Plaintiff,

v.

**Pete Hegseth,**
**Secretary of Defense,**
**in his official capacity,**
Defendant.

---

**Civil Action No.:** 1:26 CV 1118 - MSN-WEF

---

# COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DENIAL OF EQUAL EMPLOYMENT OPPORTUNITY

---

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. Jurisdiction is proper under 28 U.S.C. § 1331.
3. Venue is proper in the Eastern District of Virginia because the events giving rise to this action occurred within this District, including Arlington, Virginia and surrounding federal installations.

---

## II. PARTIES

4. Plaintiff, Sylvester Anderson, is a former federal law enforcement officer employed within the National Guard Bureau Provost Marshal's Office (PMO).
5. Defendant Pete Hegseth is the Secretary of the Department of Defense and is sued in his official capacity pursuant to 42 U.S.C. § 2000e-16(c).

---

# III. FACTUAL BACKGROUND

## A. Plaintiff's Employment and Qualifications

6. Plaintiff served as a law enforcement officer with the PMO and was qualified for advancement into supervisory roles.
7. Plaintiff possessed the experience, training, and performance history necessary for promotion.

---

## B. Protected Activity

8. Plaintiff engaged in protected activity, including participation in a federal wage-related lawsuit in or about 2017.
9. Following this activity, Plaintiff was subjected to adverse employment actions.

---

## C. Denial of Promotion Opportunities

10. Lieutenant Ulysses Dixon made repeated requests that Plaintiff be promoted to an acting sergeant position.
11. These requests were denied by Chief Andrew Holtz without consistent or documented justification.

---

## D. Irregular Promotion Process (Vitielliss)

12. The agency asserts the lieutenant position was filled through a competitive process.
13. Plaintiff and other officers did not observe any such announcement.
14. The process lacked transparency and documentation.

---

## E. External Participation (Armstrong Evidence)

15. A PMO parking authorization log dated January 9, 2023 confirms:

"Dept Chief Michael Armstrong — LT Rippey — 0700–1300 — Meeting"

16. Upon information and belief, Armstrong was not employed by the agency at that time.
17. The presence of a non-employee for a six-hour meeting during the promotion timeframe raises substantial questions regarding the integrity of the process.

---

### F. Lack of Identifiable Decision-Making

18. Chief Holtz testified that:

- He did not sit on the board;
- He could not identify the selecting official;
- He could not recall key details.

---

### G. Selective Use of Authority

19. Holtz acknowledged authority to appoint by name.
20. Plaintiff was not afforded such opportunity despite supervisory recommendations.

---

### H. Advantage to Vitielliss

21. The promotion of Anthony Vitielliss resulted in significant financial and professional advantage.

---

### I. Destruction of Unofficial Files (Spoliation)

22. Unofficial employee files were maintained outside formal systems.
23. These files were later destroyed without preservation.
24. The agency cannot account for their contents.

---

### J. Pattern of Irregularities

25. The agency's actions reflect:

- Lack of transparency
- Inconsistent procedures
- Unauthorized participation
- Evidence destruction

---

# IV. CLAIMS FOR RELIEF

## COUNT I – DISPARATE TREATMENT

26. Plaintiff was treated less favorably than similarly situated employees.

---

## COUNT II – RETALIATION

27. Plaintiff engaged in protected activity and suffered adverse actions.

---

## COUNT III – PRETEXT

28. Defendant's stated reasons are not credible.

---

## COUNT IV – SPOLIATION

29. Defendant destroyed relevant evidence.

---

# V. RELIEF REQUESTED

Plaintiff seeks all available economic damages, including back pay, front pay, lost retirement benefits, lost overtime and premium compensation, and other make-whole relief.

Plaintiff's documented earnings reflect annual compensation exceeding $100,000, with partial-year earnings in 2024 exceeding $100,000 prior to the end of Plaintiff's employment. When annualized, Plaintiff's earnings demonstrate a significantly higher earning capacity.

Based on this history and the compensation associated with the positions at issue, Plaintiff's damages are estimated to exceed $250,000, with the exact amount to be determined through discovery and proof at trial.

# VI. JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable.**

---

**Respectfully submitted,**

Sylvester Anderson
39 Hamstead Road
Fredericksburg, VA 22405
(540) 251-9601
asr4079@aol.com

Date: April 27, 2026